UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
SAFRON HUOT,                      )
                                  )
            Plaintiff,            )
                                  )
       v.                         )    CIVIL ACTION
                                  )    NO. 17-11275-WGY
MONTANA STATE DEPARTMENT OF       )
CHILD AND FAMILY SERVICES,        )
MONTANA SUPREME COURT, DEER       )
LODGE COUNTY DISTRICT COURT       )
OF MONTANA, JUDGE RAY DAYTON,     )
CAL BOYAL, CINDY JOHNSON,         )
DEER LODGE MEDICAL CENTER,        )
M.D. WAYNE MARTIN, SUSANNE M.     )
CLAQUE, BEN KRAKOWKA, SUSAN       )
DAY, DAVE FENCHAK, MARY JO        )
FORTNER and ROGER FORTNER,        )
                                  )
            Defendants.           )
                                  )
```

YOUNG, D.J.                                    October 11, 2017

**MEMORANDUM & ORDER**

For the reasons set forth below, this action is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**I.  BACKGROUND**

On July 11, 2017, the Plaintiff Safron Huot, a resident of Anaconda, Montana, filed a complaint seeking review of a Montana family court proceeding in which her parent rights were terminated. Complaint ("Compl."), ECF No. 1. With the complaint, Huot filed

a motion for leave to proceed in forma pauperis, ECF No. 2; a motion to appoint counsel, ECF No. 3; a motion to consent to jurisdiction, ECF No. 4; a motion for service, ECF No. 5, and a motion to set aside adoption and reinstate full parental rights, ECF No. 6.

The case caption of the complaint states that she is filing in the federal courts for "the District of Columbia and all fifty states." See Compl. The case caption for each motion is identical to the complaint's case caption. A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff filed 44 cases against the Montana State Department of Child and Family Services in 38 federal district courts. Plaintiff clearly intended to file her complaint in all of these districts simultaneously.

The 14 named defendants are various individuals and institutions apparently involved in Plaintiff's family court matter. The named defendants include a prosecutor, a judge, a private attorney, a family doctor, a family development specialist, a clinical psychologist, a medical center, a state social service agency and two state courts, all located in Montana.

The complaint does not contain a specific legal cause of action, but rather a list of grievances. Plaintiff seeks damages from the defendants and various forms of injunctive relief, including the reinstatement of her parental rights.

## II. LEGAL STANDARD

A court has an obligation to inquire sua sponte into its own subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are "'courts of limited jurisdiction.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Such courts may adjudicate only those cases authorized by the Constitution and by Congress. Kokkonen, 511 U.S. at 377. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.").

In reviewing the complaint, the Court recognizes that pro se pleadings are read with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to plaintiff's pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

[3]

Generally, a pro se plaintiff is afforded an opportunity to cure a deficient complaint. However, when "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).

**III. ANALYSIS**

The instant case is subject to summary dismissal because the Plaintiff fails to demonstrate federal jurisdiction over this matter. There is no diversity of citizenship as required by the diversity statute, 28 U.S.C. § 1332(a), because all of the parties are Montana residents or entities.

As to federal question jurisdiction under 28 U.S.C. § 1331, the allegations do not assert that the defendants violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the complaint.

Even if this Court had jurisdiction, any request for this Court to interfere with an ongoing state proceeding is precluded under Younger v. Harris, 401 U.S. 37, 46 (1971). Additionally, under the Rooker-Feldman doctrine, this Court is without jurisdiction to review a state court judgment. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009)(affirming dismissal of

[4]

action relating to custody of child for lack of subject matter jurisdiction under Rooker-Feldman doctrine).

## IV  CONCLUSION

For the foregoing reasons, it is hereby ORDERED:

1. This action is dismissed without prejudice pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

2. The Clerk shall terminate the pending motions and enter a final order of dismissal.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE